All right, so Mr. Loeb, right? Correct. Please proceed. May it please the Court, Robert Loeb, representing TA Operating, LLC. I'd like to reserve three minutes of my time for rebuttal. There's no proper basis here to refuse to enforce the arbitration agreement, and there's particularly no basis at all to refuse to honor the threshold enforceability question be decided by the arbitrator instead of in a judicial forum. Notably, two other district courts have examined this very same agreement and have found it valid and enforceable. This court in Taylor and Chandler, this court should follow those courts' lead. Counsel, let me let me ask you this. You raised the delegation issue only at the really end of the motion to agreement overall. What was your approach? Why did you do that, if the delegation issue is so important? Sure, that makes perfect sense. So it's a motion to compel. They bring a lawsuit. We find a motion to compel saying, look, there's a contract, an arbitration contract, which says that this needs to go to an arbitrator. So we file a motion to compel saying that this needs to go to the arbitrator. At this point, no one has argued that any aspect of that at the very end, we say it's, you know, so all the, it's a notice, this belongs with the arbitrator. Then at page 30 and 31 of the motion to compel, there's a whole section saying enforceability of this agreement rests solely with the arbitrator. So it says, look, no one has at this point challenged any aspect of the enforceability, but if someone does, that's an issue that rests with the arbitrator. It cites the rent-a-center case saying that delegation clauses are an unmistakable standard. So from your, from your perspective, you focused on what you did because that's what the other side had come forward with? Is that basically your position? No, at that point, they've just filed a suit and we're filing a notice to the court, this belongs with the arbitrator. So it's at the end of that motion because it's addressing a question of whether the delegation clause... But you just spent pages and pages of that motion addressing this unconscionability issue, and then at the end you say, oh well, I just, I've spent ten pages talking about this issue, but if you don't agree with me, it's got to go to an arbitrator. That's an odd brief to file. Just file the one page that says it has to go to an arbitrator. Why brief the merits of the issue that then you slap on it would go to the arbitrator? That's what I don't understand. No, I agree with that, Your Honor, but ultimately the question for me was, was the plaintiff on notice that this issue about the delegation clause was raised? Was it sufficient that the district court could resolve on it? So we did raise it, although at the end of that filing you can disagree with how that was drafted. The plaintiffs did address that response in their brief at pages ER 41 and on. It looks like what you're doing is trying to have it both ways. It looks like you're enticing the district court to go ahead and say it's not unconscionable, but that if the district court says it is unconscionable, they say, well, I said it was to be delegated. That's what it looks like when you brief the merits of an issue and then at the end you throw in a one paragraph argument that actually the issue goes to an arbitrator. Well, the issue of the enforceability, with that juncture, the question of the enforceability of the delegation clause or otherwise wasn't being, hasn't been raised by anybody. And then ultimately the district, the question is, was it put on notice? The plaintiffs responded to it. The district court reached the issue. So the district court recognized it was a threshold issue. The district court at ER pages 7 through 9 addresses it first. Addresses this clause, realizes under rent-a-center you need to address it first. Addresses the question, is it a clear and unmistakable term? The court says that it is and then it provides its only grounds for finding it unenforceable, being that it's a low level of procedural unconscionability because it's a, like all, or pretty much all employment contracts, a contract of adhesion. And then the only other grounds the court gave for not enforcing the delegation clause was the jury trial waiver. So this was raised, it was responded to, and it was decided. I agree with you, it could have been more at the front of that filing instead of the back of the filing. I don't think that's the, you know, the, how you measure a waiver of an argument. I'm afraid I wanted to ask you another briefing question. Please. And the district judge relied on the limb case with, in part, with respect to the delegation clause or the delegation, yeah, the delegation clause. And then the latest brief in opposition here in the Ninth Circuit cites it with the pessim noted, relying heavily on it. I don't think you mentioned it in either your opening or reply briefs. I wonder what you have to say about the limb case. Sure. So the limb case supports that, as to the delegation clause, following rent-a-center and following the Mahama case, it recognized the only, when you're, when you're looking at the unconscionability and the enforceability of a delegation clause, you can only look at things that implicate the delegation clause. So limb very carefully only does that. So it doesn't look at the full canvas of every term in the contract. Instead, it correctly looks at only things that could possibly implicate the, the delegation clause. And it found that that delegation clause was unconscionable. Unconscionable because it was requiring you to, them to pay the fees, it required them to pay costs, it was inappropriate, and very notably required the plaintiff there to travel all the way to Dallas, Texas, 1,500 miles for the hearing. So that would be a hearing also relating to the delegation clause. So here, none of those factors are present. Here we have us covering all the costs at the outset of the, you know, the arbitrator's fees and arbitrator's costs. It's very clear that the arbitration is going to take place within a very small geographic area in California, unlike requiring someone to go all the way to Texas. So limb is, is both on the procedural and on the substantive grounds, I think, very much distinguishable. And actually, for its, its analytical method, is exactly what I want this, what this court to do. So looking at the limb method, which is the same as adopted by Rent-A-Center in Muhammad, is that you only look at things that implicate the delegation clause. Here, the only thing that was relied upon the district court, district court in saying this was unconscionable, it's substantively unconscionable, was the jury trial waiver, right? And what's your, what's your, what's your best argument that, since the delegation clause has to be considered first, what's your best argument that the jury trial issue has really nothing to do with the, basically, the assignment, the delegation clause? Right, the, what's clear is that the jury trial waiver has nothing to do with the delegation clause. It has nothing even to do with the arbitration. The only time it has any force is when it, the entire arbitration agreement is held invalid, and now you're in court, and then there'll be a question of whether you'll have a jury trial or not, or not. So it actually has no implication for the delegation clause. It has no implication, and that's why the, the district court in Taylor said it's simply not relevant to the arbitration. It's simply not relevant to the delegation clause, and as that court said, it's, it's easily severed. And everyone agrees here, even though such clauses are, are enforceable in many other states, the majority of states, it's not enforceable in California. So, you know, it's a unenforceable term. Everyone agrees to that, but it's a term that has no implication or application to the delegation clause. Since you mentioned California law, as you know, this agreement had a Delaware choice of law provision in the agreement. You don't seem to argue that. The other side doesn't argue it. Have you waived that issue? Are we dealing with California law here? No one has argued there's a distinction between Delaware and California laws to these, as to the relevant principle. Whether that's true or not, the bottom line is, you've waived any argument that Delaware law applies. Is that correct? We have not made any argument that Delaware's different, and yes, we've waived it to the extent there's an argument like that. But, but to be clear, so they argue choice of law, which the district court didn't rely on as a basis for attacking the delegation clause. The choice of law under the contract for the substance of the claim is California law. It's the, what the contract says very clearly at ER 80 is that the enforcement of your claims is going to be governed by where you work, and here that's, that's California. So the contract as to enforceability chooses Delaware law, but the plaintiffs have not identified any conflict or any difference, other than to argue that Delaware law, in adhering to it, would under the labor court, you can't force someone to adjudicate a labor, a California labor case outside of California, and you have to apply California labor law to labor claims arising in California. But neither of those things are implicated or violated here. This contract will have arbitration in California, this claim. That's the clear provisions, which compares to LIM, where it was all the way up 1,500 miles in Dallas. And like I said of the employment claims here. Can I ask you a couple of questions about other substantive provisions, if we get past the delegation clause problem. First of all, the arbitration agreement here seems to have very hard limits on both the discovery that would be allowed, and the length of any hearing that would be allowed. Your brief seems to argue, well there's a lot of flexibility there, and I'm curious as to how you find that flexibility, given the specificity of the agreement. So there's two things, you said the how long... Discovery limits and the length of the hearing. So the length of the hearing, I'll just deal with that quickly, it says that as a default rule it's expected to be one day, but the arbitrator under the agreement has complete latitude to have as much time as the arbitrator wants. So under those kind of conditions, the California courts in this court have said, that if you have that kind of escape clause, and there's a presumption the arbitrator will act reasonably, that doesn't... So you wouldn't be surprised if these claims were to go to arbitration, if the hearing were to last more than one day. It would depend on the nature of these claims. Usually there are things that can be resolved on one day, but it's that's just a default rule. How about the discovery rules? The discovery rules adopts the NAM rules, which themselves have limits on discovery. And in this agreement, it modifies the NAM rules in a couple of modest respects. So instead of having five depositions, now you have three, it's two depositions under this agreement at ER 79. So it's just micromanaging... I understood from your brief that you were arguing that the arbitrator would have flexibility to override those. Right, so under this agreement, it addresses that during the discovery, what those particular numbers are. But it doesn't disturb two things of the general NAM rules. One, the initial disclosures, which are expansive, required. And two, the NAM rules allow there to be additional discovery if it's requested by the parties. And if you can look at that on page 96 of the ER, which states that additional... which is labeled this additional discovery, and it says upon request, any party with a showing of a substantial need may be granted. So if plaintiffs ask for that down the road, I would expect you to respond, no, look, look at the rules of arbitration, paragraph 6, we've modified that. You agreed to these limits. No, Your Honor, just like the Taylor Court read that, that is not covered. The limits, if you look at the NAM rules on the prior page on 95, it's setting out those number of interrogatories, number of depositions. That's what's being modified in our agreement. There's a separate heading, additional discovery. That's not even addressed. That's not even addressed in the agreement. I'm confused by your position. Okay. What effect do the discovery caps that troubled the district judge so much, in your agreement, what effect do those limits have? They set a default rule, just like the general NAM rules. A modifiable default rule? I'm not sure how you get that, but if you're committing that those would be flexible in the future arbitration, if that happens, is that what you're doing? I'm not, I'm just committing it. We, that's how we litigate these things before arbitrators. That's how we've interpreted. That's how we've explained it to the Taylor and Chandler Court. I think the problem, though, that Judge Hamilton is getting at is that what it says in paragraph 6, there is a with, except as provided in this paragraph, the arbitration shall be conducted in accordance with the arbitration firm's then current rules, and then sets out these bright lines that don't have a good cause modifier, so it looks like these are hard caps that are, you know, put over on top, because literally that's what it says. And we're not walking away from that. So it says, except as provided here in this paragraph, the NAM rules are going to control. So NAM has rules about initial disclosures, which are expansive and ongoing, and it has rules about additional discovery. This is only addressing the default rules of discovery, which is that in the NAM rules you'll find on page 95, and it sets out number of 20 interrogatories, it sets out, you know, three depositions, and it changes it here to three depositions and changes the number of interrogatories. So what this is saying, and I think fairly clearly, is that as to those number of particular discovery techniques we're modifying in them and lowering them, it's simply not addressing at all the additional discovery. And so, as the Taylor Court... What happens, I'm sorry, you've got me totally confused, counsel. What happens if, suppose we order arbitration here, what happens if plaintiff says we need four depositions? If they, as long as they can show the need to the arbitrator, the arbitrator can award as many depositions as the arbitrator wants to. Despite the except as provided in this paragraph language. The except is provided... You want to make sure your position is clear. Yes, except is provided because what it is doing is changing the NAM rules as the default number of items. The NAM rules themselves say you only get X number of this, X number of that, and then there's... You're sorry, your position is that notwithstanding the actual language of the agreement you're trying to enforce here, if plaintiff can convince the arbitrator he needs four or six or ten depositions, the arbitrator has the power to order those, correct? I agree with the latter part of your question. The first part of your question, it says we believe this argument is consistent with the language of what we're arguing here. So it says except is provided and then in this paragraph the NAM rules are going to control, the NAM rules control about initial discovery. What is ambiguous about if either party elects to conduct pre-hearing discovery, each party shall be allowed only up to five interrogatories and two depositions, five requests for production? It's not ambiguous, it's just that it's modifying the NAM rules for the default rules for discovery. The same if you compare it and look at the thing it's modifying, it's modifying that and it's not addressing the additional discovery. And to the extent that there could be any, you know, well first of all this doesn't go to the delegation clause at all, so this should be left to the arbitrator to decide. And second of all, to the extent you could read the contract two ways, and we know the Taylor Court and the Chandler Court have already read it consistent with how we read it. One, sorry, two other quick questions with my colleagues indulgence here, and that has to do, is it your position that the arbitrator would be required to enforce the grievance requirement as a condition for hearing any of these claims? It's a precondition to, whether it goes to court or to an arbitrator, there's a requirement of a brief for spring year grievance. And you think that's a hard limit? A hard limit? It's something that they would, either a attorney who hadn't filed... A defense would raise saying they haven't exhausted their required remedies under the contract, which includes a very modest raising an administrative complaint and having it decided. A la Prison Litigation Reform Act? Much, much less burdensome than that, Your Honor. And then you, you think you're entitled to enforce as well the deadline for choosing whether to proceed with the plaintiff? It's an extraordinary provision. No, Your Honor, it's not extraordinary. It favors, as the Taylor Court says, favors the plaintiff. It just says that if you aren't going to proceed with a lawyer, we're not going to proceed with a lawyer. So it's, if they have a, they're not going to have, if they're going to go pro se, we'll have someone from HR show up and litigate the case for, for TA. If it says, but if you are going to proceed with a lawyer, let us know and then we'll proceed with a lawyer. It's, if anything, as the Taylor Court said, that strongly favors the plaintiff. The only thing they complain about is, oh, we need to make that decision before we bring our, initiate the complaint here. But the first, there's no... Before we know what's going to happen and before we know what kind of a defense we're going to be seeing, right? Well, they have up until the time of, you know, statute of limitations to make that ultimate decision. And if they decide to proceed pro se, you know, it, what this is doing is, it's not overly harsh to say that you've decided how to proceed. We're proceeding only with our person from HR. If you're going to bring in a lawyer now, that's, you know, the purpose of arbitration is speed and efficiency. I think you've answered the question. Thank you. You're well over your time, but let me just make certain I understand your position as well. It sounds to me, in light of your responses to Judge Hamilton and Judge Collins, that notwithstanding the express language in the delegation clause and the arbitration agreement, that the arbitrator has flexibility to break through these hard caps based on Taylor and, I don't know what, the NAM rules, but is that your position? It incorporates the NAM rules. So we're not, we're not arguing for anything extra contract here. Okay, so let's just say that the plaintiff wants to have 10 days of argument and ask the arbitrator to do that. The defense says, no, no, no, the agreement says only one day. What's the response of both parties in your mind that gets you to the possibility of having 10 days? The provision in the contract says that a hearing will be one day except as modified by the arbitrator. So, okay, so in other words, notwithstanding the hard rules that were cited, the arbitrator, based on that language you've just given us, can override the hard rules. Is that right? They set default assumptions and the arbitrator has authority to set, require what's needed. But it says notwithstanding basically anything else in this, doesn't that control? The number of days, that's in the arbitration agreement itself. It has nothing to do with the NAM rules. Okay, all right. Any other questions that either of you have? All right, thanks very much. All right, so Mr. Barnes. Thank you. Good morning, your honors. May it please the court, I'm Kevin Barnes and I represent the plaintiff and appellee, Mr. Gallagly. There are three issues that are to be discussed today. The first is the court has already been addressing with my colleague, whether defendant has waived the right to delegate the issue of severability to the arbitrator by filing this motion. Second, whether the arbitration agreement is unconscionable, which is a de novo review. And the third is whether the district court was correct that the unconscionable terms permeated the ARB agreement, so that severing was no longer appropriate and that review is for abuse of discretion. Well, let's just start from the beginning. Is it not clear under our law and the Supreme Court law, that the delegation clause has to be considered first here, as opposed to the arbitration agreement as a whole? Don't you have to first consider that part of the agreement? If it is brought to the court in that fashion, and again, the defendant on page 26 talks about the delegation clause, and no question that the courts have said it's a gateway issue to the arbitrator. But as you said, you can't have your cake and eat it too. You can't ask the court to do it and later, oh, we lose the arbitrator. The difference is, it's very hard to say that an issue has been forfeited when the district court takes the issue and decides it. You know, in the Cipolla case, which you cited my dissent in your brief, it was very different. You know, the district court skipped the gateway issue, but here the district court took the gateway issue right up front, decided it. So it seems the issue of waiver kind of drops out at that point, and it's just whether the district court correctly resolved that issue. I understand that argument. I respectfully disagree for multiple reasons. And all you have to do is look at the table of contents on the motion to compel, which is S.E.R. 007. The district court didn't say, oh, let me decide these gateway issues. The defendant put it in front of them. The motion, it is titled a motion to compel arbitration. And then what do they ask within that? And again, I'm looking at the table of contents. The district court must dismiss the class action claims. The district court must dismiss the PAGA claims. The district court needs to find that there is no procedural unconscionability. The district court needs to find there's no substantive unconscionability. And then on page 26 of a 26-page brief, the signatures on page 27 says, oh, and, you know, this. Your sound is cut out there. I apologize that on the last page, the that they say, oh, the arbitrator has this issue. They should have filed a motion to dismiss this case and send to the arbitrator or the arbitrators complete control of the case. But they didn't do that. Let's say all that's true. They did, in fact, mention the delegation issue. Probably should have put it up first. But the reality is, is it not clear under the law that the delegation issue has to be decided first? Yes, the delegation. For a moment, it's not waived. Just for a moment, assuming it's not waived. Doesn't that have to be decided first? Yes, and the court did it. The court stated. And in this case, didn't the court get it wrong by citing the jury instruction issue? Isn't that? Well, let me put it this way. If if the delegation clause is properly invoked, it goes to the arbitrator. The arbitrator says, yeah, this this delegation clause or the agreement itself is unconscionable. Then you still have the right to raise the jury issue before a trial court. If, on the other hand, it proceeds in arbitration, you've already waived a jury trial because you're out of the court. You're in before the arbitrator. So how can we consider that the district court was correct in relying on the jury trial issue about the enforceability of this arbitration agreement? Well, because it gets us back to now stage three. So defendant wins the motion in Pell-Arb. We're now in front of an arbitrator, and the arbitrator says this is permeated with unconscionable terms. We're going to send it back to court. Now we go back to court, and the defendant's going to say we had an arbitration agreement with the jury trial waiver. You still must waive that. But counsel, with respect, if it goes to the arbitrator first, then the arbitrator decides the issue. Once that's done, if the arbitrator says this whole thing is unconscionable, then you go back to the court. The arbitrator is not involved anymore. The district court can rule separately on the jury issue. But if you proceed in arbitration, the jury issue is irrelevant because there's not going to be a jury anyway. It's going to be before an arbitrator, right? I do not dispute that. I think what the district court was really talking about the jury trial waiver was when we got to the procedural unconscionability that it was listed as one of the factors about the unequal bargaining power, the adhesion contract, and they gave an example. But the district court basically looked at the entire agreement and not the delegation clause, which under our case law has to be considered first, right? The delegation is an issue that was brought to this court. This district court felt that they needed to discuss the jury waiver, whether this panel decides that has relevance or not. It still does not make the decision invalid that the issue was brought to the court. The court decided all the issues as the defendant requested, and again, leads us to the unconscionability. We have the gateway arguments, and then we have the procedural and substantive unconscionability. But we only get to that if you're right, that they have waived the delegation argument, right? They, we believe they've waived the delegation argument. If you're wrong, if you're wrong, then doesn't that mean we have to vacate this district court order and send it, instruct the district court to send this to arbitration? I would agree with that, but what we're doing then is we're just saying, oh defendant, you are really serious when you filed this motion to Pell-Arb and requested that the court decide it, and the court say it's unconscionable procedurally, unconscionable substantively, and dismiss the class, dismiss the PAGA, that, oh, that was really just for fun. I mean, they put it in front of the court, the court decided it, so I do agree it's a gateway issue, but the defendant doesn't get a free trial. They just don't have this, oh, wink and a nod, your honor, try to decide this, but if not, we're going to court appeal. But I gather you agree that if there's no waiver, all of that is, that's what's going to happen, right? Correct. Okay. Mr. Barnes, have you ever, in your experience, come across an arbitrator who found that an arbitration agreement was unconscionable, let alone one that was so unconscionable that it could not be enforced at all? Never, and why? Because it's financial. This is the court that needs to decide it, the district court and the trial court, because when you get to an arbitrator, no one is going to decide and take away tens or hundreds of thousands of dollars and say, oh, it permeated with unconscionable terms. We're going to throw it out. I don't believe it ever happens. I've never seen it. Discussing procedural unconscionability, again, we believe the district court was correct. You have multiple factors. It's an adhesion contract, and again, in page one of ER 77, it is a condition of your continued employment by the company. The court found that, in addition to the type of class we have, we have a low-educated workforce, all verified by Mr. Gallagher and his declaration. Most of them were Spanish-speaking, that this was part of 25 different documents. There was no one that told them, hey, we're going to institute an arbitration program. Please read it and understand it. No. It was an onboarding with 25 other and I will quote, thus, in view of the evidence as a whole, Pleniful is presented with a contract of adhesion, a take-it-or-leave-it offer. The terms of the contract were not negotiable. This is sufficient to establish procedural unconscionability. So in California, and I gather you would agree we're proceeding under California law, not Delaware law, is a contract of adhesion per se, does that wipe out the enforceability of an arbitration clause? Absolutely not. An adhesion contract is not per se, and it's the P-O-U-B-L-O-N, Pablon case, that assesses unconscionable per se, but you need to look at the oppression or surprise due to the unequal bargaining, and again, the focus is the presentation and negotiation. So if they presented this as an arbitration agreement, discussed it with them, they would have a whole different procedural unconscionability. But the fact that it's one of 25, it's electronic, they have electronic signed through it, was never discussed just, oh, sign as a condition of employment, is a different story. And again, the courts are very clear, it's a sliding scale, it's not equal procedural, equal substantive. Let's say you're absolutely right, take the point of my colleague that I've never seen an arbitrator decline jurisdiction, but we still have our case law and Supreme Court case law about the enforceability of the delegation as to whether the arbitration agreement itself is unconscionable. Isn't that decision, and all those points that you make, something that the arbitrator decides and not the court? Well, not in this case, again, because defendant waived it. Defendant brought this motion. That gets back to your waiver issue. So if you're correct, and this is waived, then you may very well be right. But if you haven't, I think you've agreed it's the arbitrator that gets to decide those issues. And you've raised some very valid points that the arbitrator would need to consider about the nature of the contract, how it was entered into and the like. But you would agree, I think, that unless there's waiver, the arbitrator gets to decide. Is that correct? If we're back to the delegation clause again, and if the defendant didn't waive it, and it's going to the arbitrator, clearly the arbitrator is going to decide these issues. But I just will restate that, again, we did not bring this motion. We, the plaintiff and appellee, did not request this district court to decide the issue of substantive and the issue of procedural unconscionability. And again, one of you said, you know, I think it was you on a free ride or another bite at it. And that's exactly what's happened. Going, finishing up on the subject of unconscionability. This contract permeated with unconscionable terms. And defendant doesn't even argue that they don't. The first is the jury trial waiver. I mean, I think you have a pretty good argument on the, you know, ultimate enforceability of the agreement. But under Renner Center, we have to look separately at the enforceability of the delegation clause. And that aspect of the district court's opinion is a lot thinner. I understand. I mean, I couldn't agree more. The substantive unconscionability, I've never seen one with so many terms. Five of them alone are independent reasons to invalidate. Unless we get past the issue of can we find the delegation provision to be unconscionable. And that's a tougher issue. Well, the delegation clause, first, we would argue that it's waived. We would then argue that even if it's not waived, that it is unconscionable, again, because it has an absolutely illegal term in it. And I understand that if the arbitrator says, oh, it's valid and I keep it here, then it doesn't play. But the delegation clause has a jury trial waiver, which is. But how does that make the delegation provision unconscionable? It's a consequence of, and maybe it gets stripped out when it comes back to the district court, if the arbitrator were to find it to be unenforceable, which is the only time it ever would come into effect. But why does it render the process or the whole aspect of having the issue assigned to the arbitrator be unconscionable? Well, Pally would argue that it's an absolutely illegal term, that there's several, the Daugherty, the Lang, California Opinions, the Chamber of Commissions, which is the southern district have all talked about it. And the defendant absolutely admits it. We are wrong. That is not a proper term. And it's included in the delegation. Does it affect the arbitrators, the delegation, you know, does it affect the process of how that gets resolved at all in any way that would make it unconscionable to give that to an arbitrator? Well, it's six terms that they now, we argue, and really, there's probably seven when you look at the grievance process, as your colleague stated, but it's one of six or seven terms that we believe is substantially unconscionable. And therefore, when the arbitrator is making this decision, if the delegation clause, you know, valid, it's one of those factors. What other unconscionable provisions do you think would be invoked during the arbitration over the enforceability of the arbitration agreement? The grievance process that, you know, form the time limit in which you have to hire an attorney, the waiver of a right to a jury trial, the application of Delaware law, the allowing the arbitrary to avoid fees to the prevailing party, we know 218.5 and 1194 only allow the employee, not employer. The next clause that requires each to bear their own fees and costs, again, it's a reverse of the prior term, and 1194 and 218.5 don't allow it. The severe limitation on discovery, which, as your colleague has stated, it's specific, shall be allowed only up to. There's no discretion in there, and it says, except as provided in this paragraph. So, it's absolutely without discretion, and then the limit to one day. So, those are seven independent terms, one in the delegation clause that are absolutely. Is those objections as grounds for invalidating the delegation clause in your opposition in the district court? Yeah, I mean, we argued that all of these are grounds to invalidate this contract on the delegation clause. I guess, ultimately, at least as I view it, what we get back to, we have case law that says it's the arbitrator that decides these issues. I think you believe it's waived, and that the district court had plenty of reasons to decide what it did. In any event, unless either of my colleagues has additional questions, we thank you for your argument. Counsel, you've used all of your time. Because we went over a we'll give you a minute to rebut, unless you don't want it. You don't have to take it. Go ahead. He just gave a litany of grounds for challenging the delegation clause. Those were not relied upon by the district court. It wasn't part of the district court's exercise of discretion here. Even on appeal, when they went beyond the district court's grounds for striking down the the choice of law and the attorney's fees, but neither of those were relied on. Neither of those were unconscionable for the reasons we explain in our briefs. There are no unconscionable provisions in this contract. We'll argue that before the arbitrator. That's not germane right now, but I don't want to sit quiet saying there's seven unconscionable provisions here. And with that, we'll rest and ask the court to reverse and enforce the delegation clause. Thank you both for counsel. This is an interesting case. The court stands adjourned for the day. And the case is submitted. I'll rise. This court for this session stands adjourned.
judges: SMITH, Hamilton, COLLINS